[Crim. No. 6427.   In Bank.   June 23, 1959.]

THE PEOPLE, Respondent, v. RAYMOND DURAZO, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), Paul G. Breckenridge, Jr., and John Brettmann, Deputy Public Defenders, for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, and William E. James, Assistant Attorney General, for Respondent.

SPENCE, J.—By an indictment in three counts, defendant was charged with selling heroin in violation of section 11500 of the Health and Safety Code. He was tried by the court and found guilty on counts two and three. This appeal is taken from the judgment of conviction and from an order denying defendant's motion for a new trial.

Defendant contends that the trial court committed prejudicial error in failing to require a prosecution witness to divulge the name of an informer on cross-examination. Our review of the record convinces us that this contention must be sustained.

The case was submitted upon the transcript of the grand jury proceedings and additional evidence. With reference to count one, Officer Anderson testified before the grand jury as follows: On April 12, 1957, he and another man met defendant in a café in Los Angeles. Anderson's companion asked defendant about getting some "stuff." They went into the rest room; Anderson followed them and saw defendant give his companion a balloon in exchange for $12. The latter handed the balloon to Anderson.

With respect to count two, Anderson testified before the grand jury that on April 16, 1957, he met defendant on the sidewalk in front of a food market and asked defendant to sell him "a half." Defendant agreed and they went into the market, where Anderson gave defendant $12 in exchange for two pieces of balloon. As to count three, Anderson testi-

fied that on April 17, 1957, he again met defendant on the street and bought from him a $5.00 balloon. Expert testimony before the grand jury established that all the balloons contained heroin.

At the trial, Officer Anderson was the only witness for the prosecution. He testified that the person who accompanied him on April 12 was a confidential informer and claimed the privilege of withholding his name. (Code Civ. Proc., § 1881, subd. 5.) Anderson also testified that the informer was not present at the sales of April 16 and 17, and that they were not prearranged.

In view of the unidentified informer's participation in the first sale, the prosecution sought dismissal of count one. (See *People* v. *Castiel,* 153 Cal.App.2d 653, 656-659 [315 P.2d 79]; *People* v. *Lawrence,* 149 Cal.App.2d 435, 450-452 [308 P.2d 821]; also *Roviaro* v. *United States,* 353 U.S. 53, 60-62 [77 S.Ct. 623, 1 L.Ed.2d 639].) The court reserved its ruling on the motion and subsequently acquitted defendant on that count. With respect to counts two and three, defendant's counsel sought on cross-examination to ascertain the informer's identity. The prosecution objected upon the ground that it was privileged, and also irrelevant and immaterial. The objection was sustained.

■ The existence of the privilege of nondisclosure depends on the "materiality of the informer's identity to the defense." (*People* v. *Williams,* 51 Cal.2d 355, 359 [333 P.2d 19].) ■ Here defendant denied having sold narcotics and denied ever having seen Officer Anderson before the trial; the sole defense was mistaken identity. Anderson testified that he had not known defendant before the sale of heroin to the informer on April 12. The grand jury proceedings at which Anderson identified defendant as the seller did not take place until May 9, some three weeks after the subsequent sales, and defendant was not arrested until September. Anderson said he had no doubt that the same person made each of the three sales. Under these circumstances, the informer was a material witness on the issue of defendant's guilt on all three counts. Had he contradicted Anderson's identification of defendant with respect to the first sale, his testimony would have been highly significant to discredit the identification with respect to the transactions of April 16 and 17. The court therefore erred prejudicially in sustaining the objection to defendant's demand for the informer's name. (*People* v. *Williams, supra,* 51 Cal.2d 355.)

The judgment and the order denying a new trial are reversed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.

SHENK, J.—I dissent.

The reversal in this case goes far beyond what is necessary to protect the rights of the defendant, and adds one more unnecessary impediment in the enforcement of the narcotic laws of this state. It throws the cloak of immunity from prosecution over the defendant no matter how many violations of the narcotic laws he may commit in the presence of Officer Anderson. The district attorney refused to prosecute under, and moved to dismiss count I of the indictment, obviously for the reason that the informer was a participant as to that count and he felt compelled to do so under the decisions of this court in *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39] and *People* v. *Williams,* 51 Cal.2d 355 [333 P.2d 19]. However, the defendant was not so immunized under the third count. Officer Anderson testified that he made that purchase directly from, and in the presence of, the defendant and himself. There was no informant participation. Even if the prosecution would be blocked without disclosure as to count II, in order to satisfy the requirements of the majority in *People* v. *Williams, supra,* 51 Cal.2d 355, it should not under any compelling theory of protection for the narcotic vendor's rights render the defendant forever immune from arrest and prosecution by Officer Anderson under like circumstances.

This is a case of credibility of the witnesses. The defendant and Officer Anderson were the only witnesses at the trial. The officer first met and made a purchase from the defendant on April 12, 1957, in the presence of the informer. Following that transaction, the officer, in the absence of the informer or any other person, made purchases from the defendant on April 16 and 17, 1957. Three weeks later, on May 9, 1957, when he testified before the grand jury, the officer positively identified the defendant by photograph. Both the second and third transactions took place after the officer recognized the defendant upon a chance meeting on the street and approached him with a proposition to purchase narcotics. The officer was sufficiently familiar with the defendant to unerringly recognize him among others on the street. On the third occasion the officer and the defendant exchanged words of recognition

while conducting the transaction. The officer's identification was sure and certain. He testified at the trial that the defendant was the man from whom he purchased the narcotic. The defendant testified that he was not the man. The trial court chose to believe the officer. In my opinion this court stretched the rule far enough, if not too far, in favor of the narcotic vendor in the Priestly and Williams cases. It should not further extend the rule to every case where the defendant claims that he was "not the man," especially in the face of positive, direct, face to face testimony of the arresting officer that the defendant was the man and the informer had nothing to do with the transaction.

Narcotic felony violations in this state are increasing at an alarming rate. Since 1952 there has been a state-wide increase of 68 per cent in arrests based on a fixed population. The corresponding increase in convictions, however, has been but 10 per cent. Three-quarters of all arrests for narcotic violations occur in Los Angeles County. The arrest rate in that county is five times greater than that in the rest of the state, but the percentage of those arrested who are ultimately convicted in that county is approximately one-half of the percentage in the remainder of the state. (Report of the Bureau of Criminal Statistics, of the California Department of Justice, May 25, 1959.) By the very nature of the crime the use of informers plays a major role in the apprehension of narcotic violators. We are advised by the attorney general that prior to the recent restrictive decisions of this court in favor of the defendants relating to the disclosure of informers' names, the great majority of narcotic arrests resulted from the use of informers for the purpose of initiating, developing or substantiating the investigation. But since those decisions the use of informers has been almost eliminated and law enforcement in this area has become comparatively ineffective. Obviously it becomes impossible to solicit the assistance of informers where their identity is required to be revealed and they are thus exposed to retaliation on the part of narcotic violators. The hazardous position of the informer is dramatically called to our attention in *Schuster* v. *City of New York*, 5 N.Y.2d 75 [154 N.E.2d 534, 180 N.Y.S.2d 265], where it was held that inadequate protection had been furnished to an informer who was set upon and murdered prior to testifying. (See also *Brown* v. *United States*, 222 F.2d 293, where it is reported that an informer came to a "violent death" between trials, and *Draper* v. *United States*, 358 U.S. 307 [79 S.Ct.

329, 3 L.Ed.2d 327], where it appears that an informer was "eliminated" four days after the arrest.) It is apparent that the need to protect an informer's name, and his life as well, is a factor to be given considerable weight in the balance in determining whether the state must reveal the source of its information.

In *People* v. *Williams, supra,* 51 Cal.2d 355, the majority of this court held that the disclosure of an informer who had participated in a first sale of narcotics was necessary to a fair trial on a second count alleging a transaction "consummated in reliance on the prior" one. But in the present case the third sale was not consummated in reliance on the sale made in the informer's presence as in the Williams case. The third sale was consummated in reliance on the association which had been established between the defendant and the officer personally. At the time of the third sale the officer knew that he could deal with the defendant alone. Disclosure should not be required where there is substantial grounds for a conviction apart from facts of which the informer has knowledge. (See *Scher* v. *United States,* 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151].)

The Williams case must be taken to establish the limits of the rule therein. Otherwise law enforcement in this area will become further unbalanced in favor of the defendant and against the public interest in a field of law enforcement where the unlawful narcotic traffic is so increasingly undermining the health, both mentally and physically, of its unfortunate victims.

In a recent narcotic case the Supreme Court of the United States stated: "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." (*Roviaro* v. *United States,* 353 U.S. 53, 62 [77 S.Ct. 623, 1 L.Ed 2d 639].) The individual's right to prepare his defense in this case could not in any sense have been prejudiced by the nondisclosure of the informer as to count III.

The judgment and order should be affirmed as to the third count.

Respondent's petition for a rehearing was denied July 22, 1959. Shenk, J., was of the opinion that the petition should be granted.