[Crim. No. 7423.   Second Dist., Div. Three.   Nov. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GILBERT LEHO KIIHOA, Defendant and Appellant.

Harry Margid, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—This is an appeal from defendant's second conviction of the sale of narcotics in violation of Health and Safety Code, section 11500. The conviction was reversed (*People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673]), on the ground that appellant was denied a fair trial in that the prosecution of the charge was deliberately postponed until an informer who participated in the sale had departed from the jurisdiction.

Prior to commencement of his second trial, defendant moved to dismiss the action on the ground that because of the state's conduct as set forth in *People* v. *Kiihoa, supra,* 53 Cal.2d 748, he was denied his constitutional right to a speedy trial (U.S. Const., 6th Amend.; Cal. Const., art. I, § 13). The motion was denied, trial was had, the informer was produced and testified against defendant.

From the judgment defendant appeals on the grounds (1) he was denied a speedy trial for the reason urged on his motion for dismissal or, alternatively, was placed once in jeopardy so as to preclude his second trial (U.S. Const., 5th Amend.; Cal. Const., art. I, § 13); (2) he was deprived of a fair trial by the prosecuting attorney's purported appeal to passion and prejudice in argument to the jury; and (3) the evidence was insufficient to justify the verdict.

There is no contention, nor does it appear that the time limit set forth in Penal Code section 1382 (implementing the speedy trial guarantee) was exceeded before either the first or the second trial.

As noted in *People* v. *Kiihoa, supra,* 53 Cal.2d 748 at page 753, there was no evidence that the absence of the informer was produced by the state nor did such evidence appear at the second trial.

The delay in the arrest of defendant and bringing him to trial until after the informer had left the jurisdiction was pursuant to a mistaken policy of the police to protect informers from reprisal and to maintain their usefulness as informers in future narcotic investigations. It was this erroneous procedure which deprived defendant of a substantial

right and furnished the sole ground of the reversal on the former appeal. Such erroneous practices and methods of the police, even though they have resulted in the reversal of convictions, do not preclude a retrial.

The consequences to appellant were the same as they would be to any accused in a similar situation from whom the identity of an informer was concealed after proper demand for disclosure. It cannot be questioned that if, in appellant's case, the informer had not returned to be available as a witness, the People would have forfeited the right to further prosecute the case, just as they would be precluded from maintaining a prosecution while wilfully concealing the identity of an informer. (*Priestly* v. *Superior Court*, 50 Cal.2d 812 [330 P.2d 39].) But the informer here was available to defendant as a witness, although he was called only by the People. In the numerous cases in which the identity of an informer was concealed by the state, the deprivation of the right of the accused to disclosure, although ground for reversal of the conviction, has not operated as a bar to a retrial. The judgment of reversal on the former appeal was in effect a remand for a retrial. (Pen. Code, § 1262.) In the brief filed by defendant in propria persona the contention is made that the district attorney in argument was guilty of prejudicial misconduct. We have read the record and find this contention to be unwarranted. The district attorney's denunciation of the narcotic traffic and those who engaged in it was carried to an unnecessary extent but it conveyed no information of facts which are not of common knowledge. Furthermore, in addressing the jury the attorney for appellant gave his full approval to the views stated by the district attorney. Defendant had able representation by appointed counsel. Upon two occasions the court interrupted the argument of the district attorney when he spoke of the sale of narcotics to children and of the low percentage of narcotic users who recover from the habit. The jury was admonished to disregard the remarks. In other instances, when defendant's attorney believed the district attorney to be departing from the record, objection was promptly made and the mistake, if any, was corrected. It is clear from the record that if the district attorney had made any remarks which in the opinion of defendant's attorney were subject to objection or to a charge of misconduct, or which called for an admonition to the jury, objection would have been made promptly and any admonition that might have been necessary would have been given. There were no such

instances. ■ It is sufficient to mention the familiar rule that claims of misconduct on the part of the prosecutor cannot be sustained in the absence of objection at the trial, unless the statements are productive of harm so grievous that it could not be removed by the court's admonition. (48 Cal. Jur.2d, Trial, § 444.) And in the most critical view of the entire argument of the district attorney there is to be found no statement of that nature.

■ There was direct and unequivocal testimony of a police officer that he purchased heroin from defendant as charged in the information. Defendant denied he had had any transaction with the officer. It is futile to contend there was insufficient evidence to establish defendant's guilt.

The judgment is affirmed.

Ford, J., and Files, J., concurred.