[Crim. No. 10360.   Second Dist., Div. Four.   June 7, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS ANTHONY DABOUL, Defendant and Appellant.

802

Russell E. Parsons and Abbot C. Bernay for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William L. Zessar, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with five counts of burglary, with three prior felony convictions. He pled not guilty and denied the priors. One alleged prior was stricken on motion of the prosecution. After a jury trial, he was found guilty on all counts, the jury finding the burglaries to be in the second degree; the jury also found the two remaining priors to be true. Probation was denied and he was sentenced to state prison, the sentences to be concurrent. He has appealed.

It is not questioned that the corpus delicti was proved as to all five alleged burglaries, nor that the evidence supports the adverse finding on the alleged prior felony convictions. Defendant's defense was a denial of complicity.

I

As to one alleged burglary, the People relied, for proof of the corpus delicti, on the testimony of the victims, given at the preliminary examination. One of these witnesses had also given testimony identifying defendant as the burglar. Defendant promptly objected to the reading of the preliminary examination transcript. Both witnesses had testified, at the preliminary examination, that they were about to leave the state to take up permanent residence in the East. At the trial, the People offered testimony, on *voir dire*, out of the presence of the jury, showing efforts made to have the wit-

nesses return for trial and to support the claim that they were out of the state at the time of trial.

Defendant does not contend that the proof of absence from the state was insufficient. ██ He does contend that where, as here, identification was in issue and evidence on that point was to be offered by reading the transcript from the preliminary examination, the People were obligated, in spite of the clear language of section 686 of the Penal Code, both to demand security for these witnesses' appearance (Pen. Code, §§ 878 and 879) and to invoke the procedure outlined in sections 1334 and following of the Penal Code, which sections provide a method for the compulsory attendance in the courts of this state of witnesses who are outside the state.[1] He argues that there is a constitutional right of confrontation and that this right is violated by the use of testimony at a previous hearing, at least where all available methods for securing personal attendance have not been exhausted.

The point has been decided against him. In *People* v. *Ashley* (1954) 42 Cal.2d 246, 272-273 [267 P.2d 271], the Supreme Court of this state said: ''Defendant contends that the reading of [a witness' testimony at a preliminary examination] at the trial deprived him of the right of confrontation in violation of the United States Constitution. Even if this right is guaranteed under the due process clause of the Fourteenth Amendment to the United States Constitution as contended by the defendant (see *Snyder* v. *Massachusetts*, 291 U.S. 97, 106 [54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575]), there is no merit in the contention. 'The substance of the constitutional protection is preserved to the prisoner in the advantage he has once had of seeing the witness face-to-face, and of subjecting him to the ordeal of cross-examination.' (*Mattox* v. *United States*, 156 U.S. 237, 244 [15 S.Ct. 337, 39 L.Ed. 409].) Defendant had that advantage at the preliminary hearing.''

We can see nothing in the recent decisions of the United States Supreme Court relied on by defendant (*Mapp* v. *Ohio* (1961) 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R. 2d 933], and *Malloy* v. *Hogan* (1964) 378 U.S. 1 [84 S.Ct. 1489, 12 L.Ed.2d 653]), which in any way affects the decision in the *Ashley* case.

██ Defendant, as we understand him, argues also that,

---

[1]The witnesses were shown to be in New Jersey, a state which also has adopted the Uniform Act to Secure the Attendance of Witnesses from without the State in Criminal Cases.

since the prospective permanent absence of these witnesses was apparent from their testimony at the preliminary examination, the failure to resort to the statutory methods above referred to for compelling attendance amounted to a deliberate suppression of evidence by the prosecution, comparable to the conduct denounced in *People* v. *Kiihoa* (1960) 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673]. We do not agree. There is no suggestion that the prosecution of defendant was deliberately delayed in order to allow these witnesses to avoid subpoena at the trial. Furthermore, defendant was on the same notice as were the People. ▪ It is equally open to a defendant as to the prosecution to ask the committing magistrate for an order under sections 878 and 879 of the Penal Code, or to institute proceedings designed to secure an order from the superior court in accordance with section 1334.3. If defendant did not consider the personal appearance of the witnesses sufficiently important to move on his own behalf to secure their attendance, he cannot complain that the prosecution did not.

## II

Defendant contends that he was arrested, without a warrant, and without probable cause and, therefore, that the evidence obtained as a result of that arrest, and the search which followed, was not lawfully admitted. ▪ We need not consider the circumstances which led to the arrest and search, since the record shows no objection, at any time, to the admission of this evidence. ▪ It is true that the pry bar, found on defendant at the time of his arrest and identified as matching the marks left by the burglar, was introduced at a stage when probable cause was the subject before the court. But when, just before the case was submitted to the jury, court and counsel discussed which exhibits were to be sent to the jury room,[2] no objection to the inclusion of this exhibit was made. Not having objected at the trial, the point cannot now be raised.

## III

Finally, it is contended that defendant was interrogated, after his arrest, in violation of the rule established in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. ▪ There can be no question that the four

---

[2]It was agreed that the documentary evidence relied on as part of the proof (made outside the presence of the jury) that the two absent witnesses were, in fact, in New Jersey, should not be sent to the jury room.

criteria set out in that case are present here: Defendant was under arrest; he was the suspect; the questioning was clearly designed to secure incriminating statements; and he was not warned of his rights. However, it is only a confession which compels a reversal under these circumstances. ▆ Where the statements are exculpatory in intent, a reversal follows only where, after an examination of the whole record in accordance with the provisions of article VI, section 4½ of the Constitution of this state, we conclude that the admission was prejudicial. (*People* v. *Hillery* (1965) 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382].) ▆ In the case at bench, defendant never admitted any element of the offenses charged and certainly he never confessed. At all times, he insisted on his innocence, and the statements secured from him were intended as exculpatory and as explanatory of his possession of items of stolen property. It is true that his explanations were conflicting and of a nature such as to themselves raise doubts as to his veracity. However, our review of the record makes it clear that the admission of the statements could not have been prejudicial. The evidence against defendant was strong: He was positively identified by one victim; he was in possession of loot from the burglaries; the pry bar, above mentioned, was identified as the tool used to effect entry in at least one case; he was arrested in the vicinity of the last burglary, shortly after its commission, and dressed in a manner fitting the description given by the victims. Omitting the incredible explanation which he tendered, he still gave no rational explanation for this collection of incriminating facts.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.