[Civ. No. 35901. First Dist., Div. One. Mar. 19, 1975.]

ROBERT BOWENS, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James C. Hooley, Public Defender, and David L. Andersen, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Don Jacobson, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**LAZARUS, J.**\*—Petitioner seeks a writ of mandate commanding the Superior Court for the County of Alameda to grant his motion for disclosure of the identity of a confidential informer.

The matter was once before under consideration in this court when the petition was denied on November 7, 1974. Thereafter, on December 5, 1974, a petition for hearing by the Supreme Court was granted. The matter was then transferred to the Supreme Court, but was retransferred here with directions to issue an alternative writ of mandate, which this

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

court did on December 11, 1974. In its order retransfering the case, the Supreme Court referred to *People* v. *Williams,* 51 Cal.2d 355 [333 P.2d 19].

Petitioner was charged with one count of violating section 11352 (sale of a controlled substance) based on a purchase of narcotics allegedly made from petitioner on January 22, 1974, by Raymond Clark, an Oakland undercover police officer, at 724 Willow Street. The premises where the sale took place, a large Victorian type home with a number of rooms, had been under vice squad surveillance for narcotic violations since October 1973.

A complaint charging petitioner with the crime was filed in the municipal court on February 4, 1974, and he was arrested on February 6, 1974. On August 15, 1974, after a preliminary hearing, he was held to answer to the superior court. He entered a plea of not guilty, and a motion for disclosure of the identity of the informant was heard in that court on October 9, 1974. The denial of that motion resulted in this proceeding. The Supreme Court has ordered a stay of further proceedings pending the final outcome of this petition.

Officer Clark, the only witness to testify at the hearing on the motion to compel disclosure, stated that he purchased narcotics from petitioner at the Willow Street address on two prior occasions. The sequence of events was, according to his testimony, as follows:

On November 30, 1973, he went there with the informant who introduced him to "Fat Robert," a man who the officer believed to be Bowens. Clark thought that he may have seen this man in the building on other occasions, but had never actually met him before. The informant then left, and was not present when the officer thereafter purchased illegal drugs from this individual.

The next transaction is said to have taken place on January 15, 1974. On that date he returned to the Willow Street premises with the informant. The informant was admittedly present on this occasion when Clark purchased a balloon of heroin from a man who he again believed to be the petitioner. He testified that when this transaction took place the informant was one of six or seven people in the room; none of the others were persons who Clark knew or could identify; that because of the number of individuals in the room he could not state whether the informant was one of those who "visually saw" what took place in connection with this purchase.

He testified that when he made the purchase on January 22, 1974, the one with which purchaser was subsequently charged, he was alone. This sale was of a "dime" bag and the price was $8. The person who made the sale was not arrested at the time.*

Clark testified further that before the latter transaction he had been given a police photograph purporting to be that of the petitioner; that although he recognized petitioner before this sale took place as the person depicted in the photograph, he appeared to have "lost a little weight."

He testified that there was "a large amount of trafficking from that residence" and that during the period from September of 1973 to March of 1974, he had purchased illicit drugs on over 100 occasions from approximately 50 different people, including three or four from others at the Willow Street address; also that before making the first purchase he was told that a man by the name of Bowens, who lived at 1084 Tenth Street, was allegedly selling narcotics.

There is no question here that narcotics were sold to Officer Clark by someone at the Willow Street residence. Petitioner's sole defense, however, is that he was not the man who sold the drugs to Officer Clark. Thus the question as to whether there was a reasonable possibility that Clark may have been mistaken when he identified petitioner as the culprit with whom he dealt is the only triable issue of fact to be resolved in determining his guilt or innocence of the crime charged.

The Attorney General concedes that if the informant is to be deemed a material witness in connection with the identification issue, disclosure of his identity or a dismissal of the charge must be required on the authority of People v. Williams, supra, and the Supreme Court's later ruling in People v. Durazo, 52 Cal.2d 354 [340 P.2d 594]. We cannot agree, however, that the facts and circumstances on which those decisions are based are distinguishable in principle from those with which we are here concerned.

In People v. Williams, defendant Williams was charged with and convicted of two counts of selling narcotics in violation of Health and Safety Code section 11350, the charges having been based on the

---

*If the person who made the sale had been arrested at that time, while he actually had narcotics on his person, there would, of course, have been no question concerning identification.

following circumstances: an undercover police officer was introduced to defendant by an informer and after the introduction, out of the informer's presence, the officer purchased narcotics from the defendant. This transaction formed the basis of one count and conviction. On a second occasion the same officer, relying on the first drug transaction, and without benefit of the informer, again purchased narcotics from the defendant. The second transaction formed the basis for the second count and conviction.

The officer was the only prosecution witness. On cross-examination he refused to disclose the identity of the informant. Defendant testified to the effect that the officer was mistaken in identifying him as the one who had made the sales, and he moved to strike the officer's testimony as to both counts on the ground that the informant was a material witness whose identity was necessary to a fair presentation of the defense. The motions were denied.

The Supreme Court reversed the convictions solely because of the trial court's denial of defendant's motion to compel disclosure of the informant's identity. The informant, in *Williams,* was undoubtedly a material witness as to the first sale, since he not only saw the seller, whom he previously knew, but was also instrumental in bringing the parties to the transaction together. As to the second sale, the court stated: "If the informer had contradicted the officer's identification of defendant as to the first sale, this would have been highly material evidence to show that the officer was also mistaken in connecting defendant with the second transaction."

In *People* v. *Durazo,* defendant Durazo was charged by an indictment with three counts of selling heroin in violation of Health and Safety Code section 11500. After a court trial he was acquitted as to count I and found guilty of counts II and III. In that case the charges were predicated on the following background: An undercover officer testified that on one occasion he and another met defendant in a cafe, where the officer witnessed a drug transaction between his companion and defendant. Four days later the officer, alone, purchased narcotics from defendant; the following day he again met defendant and purchased narcotics. At the trial defendant's counsel sought the identity of the officer's companion in the first transaction but the prosecution's objections to revealing the informant's identity were sustained.

The Supreme Court, in the process of reversing the convictions on the authority of *Williams,* reasoned as follows at page 356: "The existence of

the privilege of nondisclosure depends on the 'materiality of the informer's identity to the defense.' (*People* v. *Williams,* 51 Cal.2d 355, 359 . . . .) Here defendant denied having sold narcotics and denied ever having seen Officer Anderson before the trial; the sole defense was mistaken identity. Anderson testified that he had not known defendant before the sale of heroin to the informer on April 12. The grand jury proceedings at which Anderson identified defendant as the seller did not take place until May 9, some three weeks after the subsequent sales, and defendant was not arrested until September. Anderson said he had no doubt that the same person made each of the three sales. Under these circumstances, the informer was a material witness on the issue of defendant's guilt on all three counts. Had he contradicted Anderson's identification of defendant with respect to the first sale, his testimony would have been highly significant to discredit the identification with respect to the transactions of April 16 and 17."

The parallel between the factual content which formed the basis for each of those cases and the one in which petitioner is the defendant seems inescapably clear. Also, in this case, as in *Durazo,* there were two subsequent purchases after the initial transaction in which the officer was first introduced to the seller by the informer.

The issue here is simply one of possible mistaken identification. Whether or not Officer Clark, before making the first purchase on November 30, 1973, may have received information that a man by the name of Bowens, who he never met before, may have been trafficking in drugs is therefore entirely irrelevant. In any event, the point raised by the petitioner is hardly one that can be lightly dismissed, as respondent seems to suggest.

Nor can it be said that the informer whose identity is in question was a nonparticipating, noneyewitness informer, although even if this were true it would not be crucial if the informer might also be a material witness on the issue of defendant's guilt. (*People* v. *Garcia,* 67 Cal.2d 830 [64 Cal.Rptr. 110, 434 P.2d 366]; *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33].) It is an undisputed fact here that the unidentified informer not only introduced Clark to "Fat Robert" at the time of the first sale, but was actually in the room at the time, and in all likelihood witnessed the transaction involving the second sale.

This does not mean, of course, that disclosure of an informant's identity is required when he is not a material witness on the issue of guilt, and his role is merely limited to the disclosure of information to

the authorities tending to point the finger of suspicion at one who has violated the law. (*People* v. *McCoy,* 13 Cal.App.3d 6 [91 Cal.Rptr. 357].) But that is not so in a case such as this where there is a reasonable possibility that the anonymous informant could give evidence on the issue of guilt which might result in the exoneration of the accused. To hold otherwise would be to deny a fair trial to the defendant. (*Honore* v. *Superior Court,* 70 Cal.2d 162 [74 Cal.Rptr. 233, 449 P.2d 169].)

The possibility of mistake in identification would seem to be even more demonstrable here than in either *Williams* or *Durazo.* Officer Clark had made over a hundred purchases of narcotics over a relatively short period of time. Three or four of them had been made from other persons at the Willow Street address. He believed he had seen petitioner on the premises before, and on these prior occasions he was not engaged in any unlawful activities. He could have well confused him with the real vendor. Although he testified that he was able to identify Bowens from the police photograph that he was shown, the weight to be given this testimony was somewhat diminished by his frank admission that he appeared to have "lost a little weight." And, finally, his first in-court identification of the petitioner did not take place until the preliminary hearing, nearly seven months after the sale for which he was prosecuted.

True, in *Williams* and *Durazo,* the defendants were charged with multiple counts, at least one count alleging a narcotic transaction involving the anonymous informer. Here, the information charges only one transaction, the last of three, and the only one in which the informer was in no way connected. But this distinction, if it be one, has nothing to do with the principle involved in those cases. Otherwise, by the simple expedient of by-passing earlier illegal transactions, and charging a defendant only with a later one in which the informer had not been implicated, an informer could be effectively shielded in virtually every case. Moreover, in *Durazo,* the judge actually dismissed the count involving the informer on motion of the prosecution (count 1), there-after, in a trial without a jury, convicting the defendant on the two remaining counts in which the informer had not been involved. (*People* v. *Durazo, supra,* at p. 356.)

We are not unaware of the alarming increase in narcotic felony violations, or of the hazardous role of an informer. But in the balancing process, the right of an individual charged with crime to a fair trial and to properly prepare his defense is deemed of paramount importance under the law of this state.

Let a peremptory writ of mandate issue directing the trial court to grant petitioner's motion to disclose the identity of the confidential informer, or, in the alternative, to dismiss the charge.

Elkington, Acting P. J., concurred.