[Crim. No. 3825. Second Dist., Div. Two. Nov. 20, 1944.]

THE PEOPLE, Respondent, v. KENNETH EDWARD CARLISLE, Appellant.

---

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by a jury of violating section 288 of the Penal Code. This appeal is from the judgment and order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), and in accordance with the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

On November 12, 1943, shortly after eleven p.m., defendant got into the same bed where the complaining witness, a 12-year-old girl, was sleeping. He then lifted her nightgown and fondled her private parts.

Testimony relative to the foregoing facts was presented to the trial court through the medium of a transcript of the testimony of the complaining witness taken at the preliminary examination, which by stipulation of counsel was read into evidence at the trial in the superior court.

Defendant relies for reversal of the judgment upon this proposition:

*The evidence is so thoroughly discredited and so inherently improbable that it must be concluded that the verdict was the result of passion or prejudice.*

This proposition is untenable and is governed by the following pertinent rules of law:

(1) The credence to be given the testimony of a witness whose evidence is presented at a trial in a superior court through the medium of the transcript of the testimony taken

at the preliminary examination is governed by the same rules that apply if the witness appears personally in court, is sworn and testifies. (*People* v. *Leyshon,* 108 Cal. 440, 445 [41 P. 480].)

(2) Incompatibility and discrepancies in testimony, if any; the uncertainties of a witness in giving testimony, as well as contradictions in the evidence, are matters solely for the consideration of the trier of fact in the first instance and for the consideration of the trial judge on a motion for a new trial. Such matters cannot be considered by us if, as in the instant case, there is substantial evidence to support the findings of the jury. (*People* v. *Pianezzi, supra.*)

Applying the foregoing rules to the facts of the present case, we find that the prosecuting witness gave direct evidence on her preliminary examination, which by stipulation was read in evidence at the trial in the superior court, to the effect that defendant had committed an act prohibited by section 288 of the Penal Code. Further discussion of the sordid details would not serve any useful purpose.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.