[Crim. No. 4588.   Second Dist., Div. Two.   July 6, 1951.]

THE PEOPLE, Respondent, v. FLOYD AUGUSTUS
PARRY, Appellant.

Floyd Augustus Parry, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was charged by information with four counts of burglary and with prior convictions of rape and robbery. He pleaded not guilty and denied the prior convictions. After trial by the court sitting without a jury he was found guilty on all four counts. The court also found prior convictions as charged. Defendant's motion for new trial and his application for probation were denied and he was sentenced to the state prison. This appeal is from the order denying his motion for new trial and from the judgment.

Defendant contends as grounds for reversal that (1) certain of the witnesses committed perjury and their testimony was conflicting and contradictory and not worthy of belief; (2) the charges against him should have been dismissed at the preliminary hearing for lack of probable cause; (3) the court erred in sustaining objections; (4) the court erred in limiting the argument; (5) the prosecution failed to produce certain

evidence allegedly in their possession; (6) the court improperly limited him in the presentation of his evidence; (7) the district attorney was guilty of misconduct; (8) the evidence was insufficient to sustain a conviction.

At the commencement of the trial defendant dismissed his attorney and defended himself. His appeal has been taken in propria persona.

On four different dates television sets were stolen from homes while the owners were absent. Within a few hours of the theft in each instance defendant was seen in an automobile in which there was a television set of the type stolen in each burglary; on three occasions the automobile used was similar to the one owned by defendant in which he was arrested. In three of the instances while defendant remained in the car a man entered a bar owned by one Ross and offered the television sets for sale. Three of the sets were sold respectively to Ross and two of his bartenders and were subsequently recovered by the police. On one of the three dates in question a colored man wearing a hat and sunglasses, whose actions, walk, height and build were exactly like those of defendant, was seen near the back door of the house from which a television set had been stolen. The fourth burglary was effected by breaking a window. When the owner returned he found blood on the window curtain and on the sidewalk. On the same day defendant entered Ross' bar and offered to sell a television set of the same make and model as that which had been stolen. At the time defendant had a handkerchief wrapped around his right hand which was bleeding. He stated he had scratched it on some glass in North Hollywood. A police officer saw defendant enter Ross' bar and he saw in defendant's car a television set of the same make as that which had been stolen on the same day.

Defendant was arrested the following day. At that time he had a fresh cut on his thumb which he stated he got the preceding day from a screw driver while he was changing a tire. When asked where he was living he said he had no address but was sleeping in his car. He later took the officers to his address on Second Avenue where they found blood-stained clothes in a shopping bag. Defendant at first denied and then admitted the clothes were his.

At the trial defendant testified he got the cut on his hand in a fight. He denied he had ever been in the Ross bar or that

he had a television set in his car on the day it was seen there by the police officer.

There is no merit in any of defendant's contentions. It is not the function of an appellate court to consider the credibility of witnesses or the weight to be accorded their testimony. (*People* v. *Hills,* 30 Cal.2d 694, 701 [185 P.2d 11]; *People* v. *Ash,* 88 Cal.App.2d 819, 825 [199 P.2d 711].) The findings of the trial court on the subject of credibility of witnesses and the weight to be given evidence are conclusive upon this court. (*People* v. *Stanhope,* 37 Cal.App.2d 631, 635 [99 P.2d 1075]; *People* v. *Carlisle,* 66 Cal.App.2d 874, 876 [153 P.2d 401].) Neither variances, inconsistencies nor contradictions in the proof of a crime are of avail on appeal. (*People* v. *Boyce,* 87 Cal.App.2d 828, 830 [197 P.2d 842].)

Defendant cannot now interpose objections as to the sufficiency of the evidence taken at the preliminary hearing nor may he complain that he was committed without probable cause. Such objections can be raised only by a motion to set aside the information and cannot be raised upon appeal where such a motion was not made in the trial court. (*In re Tedford,* 31 Cal.2d 693, 694 [192 P.2d 3]; *People* v. *Phillips,* 12 Cal.App. 760, 762-3 [108 P. 731]; Pen. Code, §§ 995, 996.) No such motion was made.

Defendant contends the trial court erred in sustaining objections in certain instances where no objection was made by the district attorney and if objection was made it was incomplete. The questions asked were improper and the court acted within the scope of its duty when it refused to allow them to be answered whether or not objections had been previously made thereto. (*People* v. *Yuen,* 32 Cal.App.2d 151, 160 [89 P.2d 438].)

Defendant asserts he was not given a fair trial because the court after telling him he had a right to argue his case stated ". . . we will not discuss the matter further at this time because you deny all participation in these burglaries." After the remark was made defendant was given an opportunity to argue and did so. He has not pointed out in what manner he was injured by the comment of the court.

Defendant complains that no evidence was offered of the information which caused the police department to watch him; no fingerprint evidence was introduced although the police officer told him he had found defendant's fingerprints at the scene of one of the crimes and a jacket which a police

officer testified was a stolen garment which had been found in defendant's room was not introduced. ■ The prosecution is not compelled to call any particular witness so long as there is fairly presented to the court the material evidence bearing upon the charge on which the defendant is on trial. (*People* v. *Tuthill,* 31 Cal.2d 92, 98 [187 P.2d 16]; *People* v. *Simpson,* 66 Cal.App.2d 319, 329 [152 P.2d 339].)

■ It is defendant's contention that he was limited in the presentation of his evidence. When the People rested the court stated: "All right, Mr. Parry, we haven't much time, if you have some short witness that we can dispose of in a few minutes." Defendant replied: "I have six witnesses but it won't take very long, they will be very short." The court then stated: "You have about ten minutes." Defendant thereupon called his first witness and after she had testified the court recessed until the following day, when defendant's witnesses resumed their testimony. Since the prosecution had presented its entire case and numerous witnesses had been heard prior to the time the court made the remark complained of it is obvious that the court was anticipating the time of regular adjournment and was merely advising defendant that court would adjourn in about 10 minutes, suggesting that he put on a witness whose testimony might be completed on that day. It does not appear from the record that the court tried to or did restrict defendant in any way in presenting all the witnesses and testimony he desired.

■ Defendant asserts the district attorney was guilty of misconduct because in his closing argument as he reviewed the facts which had been presented by the People, and in speaking of the third sale of a television set in the presence of the defendant, he said: "This is the last time that we find two men. There is a reason for it, but it isn't in the record." Defendant contends the statement could only mean that the district attorney knew who the guilty men were but that he wanted to convict defendant. There is nothing in the record to indicate that the court considered any matters not included in the record or that defendant was in any way injured by the remark of the district attorney.

■ There is no merit in defendant's contention that the evidence is insufficient to connect him with the burglaries. He gave three different explanations of the injury to his right hand; he made false statements to the effect that he had no place of residence and that the bloody clothes were not his. Notwithstanding defendant was identified as having been in

the automobile with the stolen television sets on four different occasions he did not explain such presence but denied that either he or the television sets had been in the automobile at the times established. All such circumstances point to defendant as the perpetrator of the crimes and the evidence is sufficient to sustain the conviction on each charge.

Judgment and order denying new trial affirmed.

Moore, P. J., and McComb, J., concurred.