[Crim. No. 2302. Third Dist. Dec. 17, 1951.]

THE PEOPLE, Respondent, v. DON GARDNER, Appellant.

L. G. Hitchcock for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Wallace G. Colthurst, Deputy Attorneys General, for Respondent.

PEEK, J.—Appellant and one Burke were charged jointly with violation of section 459 of the Penal Code. Following their pleas of not guilty the matter proceeded to trial before a jury which returned a verdict finding defendants guilty of burglary in the first degree. Gardner's application for probation was denied and he was thereupon sentenced for the term prescribed by law. He alone now appeals, contending (1) that the judgment is not supported by the evidence, (2) that the court erred in admitting in evidence the confession of his codefendant Burke in that it was not free and voluntary, and (3) that the trial court committed prejudicial error in its instructions as to the evidentiary effect of Burke's confession. None of said contentions appear to be well founded.

The evidence, viewed as we must in the light most favorable to respondent, shows that some time between the hours of 8 o'clock p.m. and 4:30 o'clock a.m. on the night of January 27, 1951, a room occupied by one Carminati in the city of Santa Rosa was entered feloniously and various articles of personal wearing apparel as well as two pocket lighters and $50 in cash were taken therefrom. Two days after the alleged burglary some of the stolen articles were observed in the possession of Gardner in his room in a San Francisco hotel. Appellant had been on friendly terms with Carminati for approximately two years and was acquainted with the premises occupied by him in Santa Rosa. On February 28, Gardner was apprehended at his place of employment in San Francisco and taken to the county jail for questioning, and on the following day was released at the request of Sonoma county officers. Following his release he checked out of the San Francisco hotel where he had been staying immediately following his first questioning by the police and was not appre-

hended until approximately one month later when he was identified in a routine police "show up" following his arrest on a charge of vagrancy. At that time he was using an assumed name. He was then wearing a pair of shoes which were identified by Carminati as similar to those stolen from his room. Gardner admitted to one Wilson, a witness for the prosecution (who was then being held in the Sonoma county jail on a different charge) that he and Burke, his codefendant, had driven to Santa Rosa on the evening of the alleged crime and that they had gone to Carminati's residence at approximately midnight and taken the clothing. Appellant also stated to Officer Reeves of the Sonoma county sheriff's office that he had participated in the burglary; that if his bail could be reduced thereby enabling him to be released he could recover some of the stolen articles; that Carminati would be paid for what he could not recover, and that he would make a statement concerning the burglary to Reeves. The officer further testified that he obtained a reduction of Gardner's bail but that appellant, after talking to his father, informed Reeves he would make no statement, that he wanted to plead not guilty and talk to an attorney. At the time of the trial appellant, testifying in his own behalf, sought to establish an alibi that at the time of the theft he was at his father-in-law's home in Oakland. Although his father-in-law corroborated his testimony in this regard the testimony of his sister-in-law and his mother-in-law was directly to the contrary and to the effect that he was not at their home that week end.

Appellant's first contention attacks the sufficiency of the evidence upon the ground that the only testimony linking him with the burglary which, because of the reasons stated was no evidence, was (1) that given by the witness Wilson, a felon, whose testimony at the preliminary hearing was contradicted by his testimony at the trial, and (2) that given by Reeves, the police officer whose conduct indicated bias and prejudice. Thus he argues the only evidence remaining was his unexplained possession of the stolen property and therefore insufficient to sustain the conviction.

It is true that the witness Wilson was then being held in the Sonoma county jail awaiting action on his application for probation and a psychiatric report; that at the preliminary hearing he stated that when he saw Gardner and Burke in the latter's hotel room in San Francisco neither offered

248

an explanation as to how the clothes had come into their possession but at the trial he testified that both Burke and Gardner related to him the details of the burglary. It is also true that it was Officer Reeves who obtained the confession from Burke and who informed Gardner that he would assist in getting Gardner's bail reduced, which he did, and that when, as he testified, Gardner refused to "cooperate" in helping to recover some of the stolen articles or make a statement as Reeves stated he had agreed to, Reeves had the bail restored to the original amount.

However, it is also true that questions as to the weight of the evidence and credibility of the witnesses are matters primarily within the province of the triers of the facts, and their conclusions in that regard, when predicated upon substantial evidence, will not be disturbed by a reviewing court. (*People* v. *Parry,* 105 Cal.App.2d 319 [232 P.2d 899].)

It necessarily follows that since it is apparent that the jury chose to accept the testimony of Wilson and Reeves and chose to reject the alibi offered by appellant, and since we have concluded that the evidence so relied upon was sufficient to support the verdict of the jury, such verdict is conclusive upon appeal.

The appellant next attacks the confession of his codefendant Burke on the ground that it was not free and voluntary, hence was improperly admitted. The record shows that Officer Reeves and Burke were extensively questioned concerning the confession. The testimony they gave was conflicting, Reeves testifying that upon his first conversation with Burke at the San Francisco county jail he informed Burke of his constitutional rights, that Burke then dictated the statement to Reeves who wrote it down and at the conclusion read it aloud to Burke who, before signing each page thereof, also read it. Burke, however, testified that Reeves did not advise him of his rights, that Reeves dictated the statement and that when he (Burke) attempted to read the same before signing, Reeves shielded the paper from him.

Following their examination the confession was admitted in evidence over appellant's objection that it was hearsay as to him and Burke's objection that it was not free and voluntary. Under the facts and circumstances as shown this court cannot say that the trial court erred in the admission in evidence of the confession. (*People* v. *Mehaffey,* 32 Cal.2d 535 [197 P.2d 12].) Nor do we find any error in the

order of the court in overruling Burke's objection and sustaining appellant's objection when it stated:

"Overruled as regards the defendant Burke. And the Court holds it is a voluntary statement under the facts established here and as such is admissible at this time solely against the defendant Burke, it being hearsay testimony as regards the defendant Gardner and is not to be considered by the jury in any respect as regards the defendant Gardner. You understand that, do you, members of the jury? If the rule should change by reason of operation of law hereafter, the Court will so advise you of the charge as regards application to the defendant Gardner, but you are not to consider it until advised by the Court against the defendant Gardner in any respect whatsoever."

██ Appellant's final contention is directed at the instructions of the trial court relative to the evidentiary effect to be given by the jury to said confession. In the two instructions so attacked the jury was told:

"Evidence has been received in this case tending to show that on an occasion other than this trial the defendants themselves made statements tending to prove their guilt of the alleged crime for which they are on trial.

"A confession is a statement made by one who is a defendant in a criminal trial, at a time when he was not testifying in that trial, by which he or they acknowledged certain conduct of his or their own in which he or they expressly admit every essential element constituting the crime for which he is on trial; a statement which, if true, discloses his guilt of that crime and excludes the possibility of a reasonable inference to the contrary. And the same rule obtains, ladies and gentlemen, as regards the confession of defendant Burke in this case that is made outside of the presence of the co-defendant and is not to be considered by you as against the co-defendant unless other evidence in the case convinces you of the guilt of the other defendant."

Appellant's argument is that it is the rule in this state that "under no circumstances" are such extrajudicial statements "admissible or available against an accused."

It appears that his attack is particularly directed against that portion of the order admitting the confession wherein the court instructed the jury that said confession "is not to be considered by you as against the co-defendant unless other evidence in the case convinces you of the guilt of the

other defendant." It further appears that his attack is likewise directed against that portion of the quoted instruction wherein the court stated: "And the same rule obtains, ladies and gentlemen, as regards the confession of defendant Burke in this case that is made outside of the presence of the co-defendant and is not to be considered by you as against the co-defendant unless other evidence in the case convinces you of the guilt of the other defendant."

We cannot agree with appellant that a confession of one codefendant is never admissible against the other defendant. By way of illustration Gardner might well have personally read the confession or heard it read and by his conduct have acquiesced in or approved of the statements therein contained making it admissible against him. Should such occasion have arisen an instruction to that effect would have been proper. Furthermore the record substantiates the court's instruction that both defendants had made statements tending "to prove their guilt of the alleged crime." Both Wilson and Reeves so testified. While it may be said that the last sentence of the attacked instruction is not as clear as it might have been and that an instruction proposed by defendant might have stated the rule more succinctly, nevertheless we cannot say after an examination of the entire charge that the trial court committed prejudicial error in so instructing the jury. (*People v. Sanchez,* 30 Cal.2d 560 [184 P.2d 673].)

From an examination of the entire charge it appears that the trial court fully and fairly instructed the jury on all issues in the case. Under such circumstances appellant cannot complain of the failure of the court to give the specific instruction proposed by him.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.