[Crim. Nos. 50, 72.    Fifth Dist.    Mar. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CLINTON WAYNE MORT, Defendant and Appellant.

(Two Cases.)

597

C. Ernest Rushing for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Defendant was convicted after trial to a jury, of the crime of assault with a deadly weapon, violation of Penal Code section 245. The evidence, viewed in the light most favorable to the People (*People* v. *Caritativo,* 46 Cal.2d 68, 70 [292 P.2d 513]), reveals that the assault occurred in a tavern on December 31, 1962, about 11:30 p.m. It was New Year's Eve, the place was overcrowded, and many customers were standing behind the bar stools. There was testimony that defendant was seated at the bar, while the victim was standing behind him. She ordered drinks, which were placed on the bar in front of defendant, and in order to get them she had to reach over defendant's shoulder. She was in the act of passing the drinks back to her friends when defendant struck her in the face with a beer bottle, cutting her forehead, nose and cheek.

Defendant gave a different version of the incident. He testified that he was standing near the bar, minding his own business, talking to no one, while waiting for a friend to return from the restroom. Suddenly his head was struck a blow from the back or the side, by someone he did not see, and he instinctively struck out as he was knocked off balance. However, he emphatically denied striking the victim or striking any woman.

Defendant appealed from the judgment of conviction, and thereafter filed a petition for writ of error *coram nobis*. The hearing on the writ was set at the same time as the hearing on the appeal.

### THE CORAM NOBIS PROCEEDING

The petition for writ of error *coram nobis* charged the district attorney with suppression of evidence. In support of the petition defendant filed the affidavits of two witnesses to the barroom incident, an affidavit of a former investigator for the district attorney, and an affidavit by defense counsel. Petitioner bases his charge of suppression of evidence upon the assertions that the two witnesses would have been helpful to his cause, that they were known only to the district attorney and that he was under a duty to either call the witnesses or advise defense counsel of their existence.

Preliminarily, we are met with a question of jurisdiction, as the petition was filed as an original proceeding in this court, rather than in the trial court. Once an appeal has been taken from a judgment the trial court, during pendency of the appeal, may not vacate or set aside the judgment.

(*People* v. *Helsley,* 41 Cal.App.2d 935, 939 [108 P.2d 97]; *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342, 347 [139 P. 805]; *Kinnard* v. *Jordan,* 175 Cal. 13, 15 [164 P. 894].)

Since the judgment which petitioner attacks was appealed to this court before the petition was filed, the *coram nobis* proceeding is properly before us.

Passing now to the merits of the petition, counsel for defendant recites that in Stanislaus County preparation for trial is frequently expedited by informal discovery. Following this custom, defense counsel asked and was granted permission to see the district attorney's file. Accordingly, on March 15, defense counsel examined the district attorney's file, but it revealed nothing concerning the two witnesses. This was because the witnesses became known to the district attorney after March 15, and they were not interviewed by the district attorney until March 26, two days before trial.

At oral argument petitioner conceded that in view of the holding in *People* v. *Briggs,* 58 Cal.2d 385, 412 [24 Cal.Rptr. 417, 374 P.2d 257], the district attorney was not under a continuing duty to disclose the identity of witnesses discovered after defense counsel's informal discovery. He does contend that the failure of the district attorney to either call the two witnesses or advise him of their existence constituted suppression of evidence.

Without question the intentional suppression of material evidence by a district attorney can result in the denial of a fair trial, and when it does, such suppression amounts to a denial of due process. (*People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673].) It is also true that the prosecution is not required to call any particular witness, nor to put on all evidence relating to a charge, so long as all material evidence bearing thereon is fairly presented in such manner as to accord the defendant a fair trial. (*People* v. *Kiihoa, supra; People* v. *Tuthill,* 31 Cal.2d 92, 98 [187 P.2d 16]; *People* v. *Parry,* 105 Cal.App.2d 319 [232 P.2d 899].) Thus, whether the district attorney's failure to call a particular witness constitutes a suppression of evidence necessarily depends upon the state of the evidence in the case, measured against the facts to which the uncalled witness could testify.

Considering the substance of the two affidavits of the uncalled witnesses in the light of the record before us, it is apparent that one witness saw so little that he could have added nothing to what was said at the trial. The other wit-

ness recites that defendant struck the victim with a glass or a beer bottle, thus refuting defendant's categorical denial that he struck the complaining witness. The affidavit also states that defendant was seated at the bar, yet defendant testified that he was standing at the time the fracas commenced.

Relief by way of *coram nobis* must be denied a defendant when the facts upon which he predicates his petition are inconsistent with the facts to which he testified in the trial of his case. (*People* v. *Shorts,* 32 Cal.2d 502, 516 [197 P.2d 330].)

In an effort to demonstrate that the substance of the two affidavits could add to the merits of defendant's case, he asserts that the two affiants would have established the defense of self-defense. As we have pointed out, so little was observed by one of the witnesses that he could have added nothing to the testimony adduced at the trial. The other affidavit described the incident in some detail, relating that the victim was standing behind petitioner, cursing, that she struck him three or four times, apparently with her hand, before he turned on the stool and hit her in the face with an object affiant thought to be a glass but which he learned was a beer bottle. Adverting to defendant's testimony that he was not seated at the bar, that he never struck the victim, not even with his hand, and his categorical denial that he struck any woman, we believe his contention that the witness would have provided him with the defense of self-defense is untenable.

Considering the substance of the supporting affidavits of the two witnesses, the failure of the district attorney to call them did not constitute suppression of evidence nor amount to a denial of due process warranting relief by *coram nobis.*

### THE APPEAL

Defendant first assigns as error the introduction into evidence of photographs of the face of the victim, upon the ground they served only to inflame the jury. The pictures were taken ten days after the incident, the facial swelling had subsided, the photographs were neither gruesome nor revolting, and we can see no error in permitting the jury to see them. Certainly the photographs had probative value, in that they corroborated the victim's testimony that she had been struck with force likely to cause great bodily harm. (*People* v. *Lindsey,* 56 Cal.2d 324, 328 [14 Cal.Rptr. 678, 363 P.2d 910].) Whether photographs should be received in evidence is a matter for the sound judgment of the trial court,

and we find no abuse of discretion here. (*People* v. *Atchley*, 53 Cal.2d 160, 168 [346 P.2d 764] ; *People* v. *Love*, 53 Cal.2d 843, 852 [3 Cal.Rptr. 665, 350 P.2d 705].)

Appellant attacks the trial court's manner of instructing the jury in two regards. First, he asserts it was error to give instruction CALJIC No. 603, advising the jury that an assault by means of force likely to produce great bodily injury may be committed with the hands or fists. The argument overlooks defendant's denial that he struck anyone with an object, and his admission that he struck out blindly with his fists after first being struck by someone. In the light of defendant's own testimony concerning the occurrence, the court was justified in giving the instruction. (*People* v. *Zankich*, 189 Cal.App.2d 54, 70 [11 Cal.Rptr. 115] ; *People* v. *Carmen*, 36 Cal.2d 768, 773 [228 P.2d 281].)

However, the very testimony which justified giving CALJIC No. 603 points up appellant's second assignment of error, the court's refusal to give an instruction on self-defense. When defense counsel was advised by the court that CALJIC No. 603 would be given despite his objection, he requested permission to submit an instruction on self-defense. Defendant based his request on the same evidence related by the court as warranting the instruction on assault by the hands or fists. Defendant's request was denied, and, we think, erroneously, in view of the holding of the Supreme Court in *People* v. *Carmen, supra.* At page 773 the following appears:

"It has been held that a defendant is entitled to instructions on his theory of the case as disclosed by the evidence, no matter how weak. As so ably stated in *People* v. *Burns*, 88 Cal.App.2d 867, 871 [200 P.2d 134], with ample citation of authority: 'It is *elementary* that the court should instruct the jury upon every material question upon which there is *any evidence deserving of any consideration whatever.* [Citations.] *The fact that the evidence may not be of a character to inspire belief does not authorize the refusal of an instruction based thereon.* [Citations.] *That is a question within the exclusive province of the jury. However incredible the testimony of a defendant may be he is entitled to an instruction based upon the hypothesis that it is entirely true.* [Citations.]"

Defendant testified that he instinctively struck out with his fists after being surprised by a blow to his head. Under the rationale of *People* v. *Carmen, supra,* defendant was

entitled to his requested instruction on the elements of self-defense.

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.

Petitions for a rehearing were denied April 24, 1963, and respondent's petition in Crim. No. 50 and appellant's petition in Crim. No. 72 for a hearing by the Supreme Court were denied May 22, 1963.