[Crim. No. 6352.   First Dist., Div. Four.   Feb. 28, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. FRANK JAMES HAYNES, Defendant and Respondent.

Thomas C. Lynch, Attorney General, John T. Murphy and Joseph A. Aiello, Deputy Attorneys General, for Plaintiff and Appellant.

Marvin Rothman, under appointment by the Court of Appeal, for Defendant and Respondent.

RATTIGAN, J.—The People appeal from an order by the superior court granting defendant's petition for writ of error *coram nobis* and vacating that court's previous judgment convicting him of a felony. Before applying for the

*coram nobis* relief granted, defendant had filed a notice of appeal from the judgment of conviction. The question presented on the appeal is whether a trial court has jurisdiction to vacate a judgment of conviction in *coram nobis* proceedings commenced while an appeal from the judgment is pending. We have concluded that the trial court has no such jurisdiction, and that the order challenged must be reversed.

Defendant was charged by information with a violation of section 10851 of the Vehicle Code (auto theft) and with four prior felony convictions. He admitted the priors, and was tried by a jury on his plea of not guilty to the auto theft charge. The jury found him guilty. Judgment was pronounced on April 28, 1966, when he was sentenced to state prison for the term prescribed by law. On May 3, 1966, defendant filed a notice of appeal from the judgment. This appeal has since been pending in this court (1 Crim. 6026).

The proceeding which produced the present appeal commenced in November 1966, when defendant (at first appearing in propria persona) applied to the trial court for *coram nobis* relief. His original application has not been included in the record on appeal. The application, however, and some of the events which followed, are summarized in a memorandum opinion which the trial court set forth in the order granting *coram nobis* relief. Pertinent portions of the memorandum opinion are set forth in the margin.[1]

As its quoted language suggests (fn. 1, *ante*), the trial court vacated the judgment on grounds related to defendant's sanity. In the memorandum opinion the court reviewed evidence adduced at the trial on this subject, which consisted of various accounts of defendant's erratic behavior before, at

---

[1] "Petitioner was found guilty by a jury of the crime of auto theft and was sentenced to the State prison for the term prescribed by law. After he filed a notice of appeal, but before the record was certified, he filed a 'Petition for Writ of Error Coram Nobis; Motion to Vacate Judgment,' requesting that the judgment be vacated on various grounds, including the contention that his rights were denied by reason of the failure to determine his sanity at the time of the offense.

"After the Court had raised the question of whether the trial court had jurisdiction to consider the *coram nobis* petition in view of the pendency of the appeal, petitioner filed another document requesting that his appeal be dismissed if that should be necessary to give the trial court jurisdiction. Thereafter, counsel was appointed to represent Petitioner, and his counsel has stated on the record, in response to inquiry from the Court, that Petitioner does not wish to abandon his appeal and, further, that Petitioner contends that the trial court has jurisdiction during the pendency of the appeal.

"As indicated below, the Court is of the opinion, on the merits of the Petition, that the judgment should be vacated. . . ."

and after the time of his arrest; psychiatric opinion that he had taken the automobile in question while under the paranoid delusion that he was escaping imagined pursuers; and further expert opinion, based upon psychiatric examination two months prior to the trial, that he was then "a paranoid schizophrenic with very serious thought disturbances." The trial court concluded in its memorandum opinion that "sufficient evidence of the defendant's insanity at the time of the offense was presented in the trial to place an obligation on the trial court to inquire into the matter of a plea of not guilty by reason of insanity before pronouncing judgment." Based upon this conclusion, the trial court ordered the judgment of conviction vacated and directed defendant to appear for re-arraignment on the information, "with the opportunity to plead anew thereto, and for such inquiry as to his present sanity as the Court might then deem appropriate."

The question here is not whether the trial court's action in vacating the judgment is supported by the evidence it thus reviewed in retrospect, but whether the court had jurisdiction to take such action during the pendency of the appeal from the judgment. The trial court concluded that it had jurisdiction. We hold to the contrary.

The only statutory provision pertaining to post-judgment *coram nobis* jurisdiction is Penal Code section 1265. As amended in 1949, the statute provides that in the event of an appeal, only the appellate court has jurisdiction after the judgment has been affirmed.[2] Defendant asserts that, from the statute's silence as to where jurisdiction reposes while the appeal is pending, we should conclude that the trial court retains it. But, according to case law, the appellate court *does* have jurisdiction during that interval. (*People* v. *Mort* (1963) 214 Cal.App.2d 596, 599-600 [29 Cal.Rptr. 650].) We are satisfied that its jurisdiction is exclusive.

A petition for a writ of error *coram nobis*—upon grounds such as defendant, so far as the record shows, asserted here— is in legal effect a motion to vacate the judgment of conviction. (*People* v. *Painter* (1963) 214 Cal.App.2d 93, 96 [29 Cal.Rptr. 121] ; *People* v. *Harincar* (1942) 49 Cal.App.2d 594,

---

[2]As pertinent (and as amended in 1949 [Stats. 1949, ch. 1309, p. 2297, § 2]), section 1265 provides that ". . . [I]f a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for writ of coram nobis shall be brought to procure the vacation of said judgment, except in the court which affirmed the judgment on appeal. When a judgment is affirmed by a . . . court of appeal and a hearing is not granted by the Supreme Court, the application for the writ shall be made to the . . . court of appeal."

596 [121 P.2d 751]. See Witkin, Cal. Criminal Procedure (1963) Judgment and Attack in Trial Court, § 627, par. [1], pp. 617-618; Note (1939) 27 Cal.L.Rev. 228, 229.) The general rule is that, once an appeal has been taken from a judgment of conviction, the trial court is without jurisdiction to vacate the judgment. (*France* v. *Superior Court* (1927) 201 Cal. 122, 126 [255 P. 815, 52 A.L.R. 869]; *People* v. *Mort, supra,* 214 Cal.App.2d 596 at p. 599; *People* v. *Hall* (1952) 115 Cal.App. 2d 144, 155 [251 P.2d 979]. See Witkin, *op. cit., supra,* Appeal, § 637, p. 628.)

The Legislature's purpose in enacting the 1949 amendment of Penal Code section 1265 was to eliminate the delay which had theretofore attended the execution of criminal judgments that had been affirmed on appeal. (*People* v. *Allenthorp* (1966) 64 Cal.2d 679, 683 [51 Cal.Rptr. 244, 414 P.2d 372]. See Witkin, *op. cit. supra,* §§ 628, 787, pp. 618-619, 761.) The 1949 Legislature met the problem only as to those judgments (those which had been affirmed on appeal). If the 1949 amendment were interpreted to mean that both the trial and appellate courts had concurrent *coram nobis* jurisdiction during the pendency of an appeal but before appellate affirmance, other difficulties would inevitably arise: e.g., futility of effort in the appellate court (considering an appeal from a vacated judgment), futility of effort by the Attorney General in defending the same judgment, and the absence of an intercourt communication process which would avoid either event. We do not find, in the amended language of section 1265, any reason to depart from the general rule that the taking of an appeal terminates *coram nobis* jurisdiction in the trial court.

Defendant, arguing that the general rule does not apply to *coram nobis* proceedings, cites *People* v. *Gilbert* (1944) 25 Cal.2d 422 [154 P.2d 657] and *People* v. *Shorts* (1948) 32 Cal.2d 502 [197 P.2d 330]. Both decisions are distinguishable: in each, a *coram nobis* petition had been filed in the trial court after the judgment of conviction had been affirmed on appeal and a remittitur had been issued by the appellate court.[3] (*People* v. *Gilbert, supra,* at p. 425; *People* v. *Shorts, supra,* at p. 505.) These events have not occurred in the present case.

Defendant also relies upon a statement by the Supreme Court in *People* v. *Wadkins* (1965) 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429] that ". . . motions to vacate the

---

[3] It may be noted that both decisions preceded the 1949 amendment of Penal Code section 1265.

judgment and petitions in the nature of *coram nobis* may be addressed to the trial court after judgment, if there has been no affirmance on appeal.'' In *Wadkins,* however, the defendant had petitioned the trial court for *coram nobis* relief without having appealed at all. Read in that context, the quoted statement does not reach the question of the effect of a pending appeal as divesting the trial court of *coram nobis* jurisdiction.

■ ''In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. [*Citations.*] Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [*Citations.*]'' (*People* v. *Adamson* (1949) 34 Cal.2d 320, 326-327 [210 P.2d 13]. See Note, *supra,* 27 Cal.L.Rev. 228 at pp. 231-232.) ■ The present defendant should have been denied *coram nobis* relief below : not because another available remedy should have been exercised, but because he pursued this one in the wrong court.

This court—the Court of Appeal—has jurisdiction to act upon post-appeal applications for *coram nobis* relief from a judgment of conviction. (*People* v. *Mort, supra,* 214 Cal.App. 2d 596 at p. 600.) We therefore note that our disposition of the present appeal on jurisdictional grounds is without prejudice to defendant's applying to this court for *coram nobis* relief while his appeal from the judgment of conviction is pending. The consequent duplication of effort will have been necessary because, as we here hold, only this court has jurisdiction.

The order granting *coram nobis* relief and vacating the judgment of conviction is reversed.

Devine, P. J., and Christian, J., concurred.

A petition for a rehearing was denied March 28, 1969, and respondent's petition for a hearing by the Supreme Court was denied April 29, 1969. Peters, J., was of the opinion that the petition should be granted.