Filed 6/26/13  P. v. Moreno CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB GEORGE MORENO,<br><br>    Defendant and Appellant. | E056441<br><br>(Super.Ct.No. FWV1200936)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br>[CHANGE IN JUDGMENT] |

**THE COURT**:

The petition for rehearing is denied.  The opinion filed in this matter on May 30, 2013, is hereby modified, as follows:

1.  On page 1, delete the word "Affirmed" in the first paragraph, and replace it with "Affirmed as modified."

2.  On page 6, the text beginning with the paragraph beginning "As discussed below" is deleted through the end of the subtitle beginning, "B. *Booking Fee Affirmed— No Need to Determine Ability to Pay*" and replaced with:

The California Supreme Court in *People v. McCullough* (2013) 56 Cal.4th 589 recently disapproved *Pacheco* as to booking fees imposed

1

under Government Code section 29550.2 (not the same statute applicable in this case), but implicitly approved the *Pacheco* non-waiver treatment as to attorney fees under section 987.8.

As discussed below, we conclude that defendant did not waive the attorney fee issue. We further conclude that the trial court erred in assessing the attorney fee without first determining defendant's ability to pay, but was not required by statute to make such a determination when imposing the booking fee.

Generally, in the interests of fairness and judicial economy, only "those claims properly raised and preserved by the parties are reviewable on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) However, in *Pacheco*, the Sixth Appellate District found that challenges to attorney fees and booking fees, among others, are *not* forfeited by a failure to object below because they are all, in essence, a challenge to the sufficiency of the evidence to support the trial court's order. (*Pacheco, supra*, 187 Cal.App.4th at p. 1397.) In addition, our Supreme Court included attorney fees under section 987.8 in a list of statutes in which the Legislature has imposed "procedural requirements or guidelines for the ability-to-pay determination," which weakens the "rationale for forfeiture." (*McCullough, supra,* 56 Cal.4th at pp. 598-599.) Thus, we will address the merits of defendant's arguments.

Section 987.8, subdivision (b), provides that, "upon conclusion of the criminal proceedings in the trial court, the court may, after giving the defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of the legal assistance provided him." (*People v. Flores* (2003) 30 Cal.4th 1059, 1061 (*Flores*).)

"Ability to pay" is defined in section 987.8, subdivision (g)(2), to mean "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her . . . ." This subdivision also includes a number of factors that must be considered in making a determination as to whether a defendant has the "ability to pay." For example, the court must consider "[t]he defendant's present financial position"; "[t]he defendant's reasonably discernible future financial position" within the six months following the hearing date; and "[t]he likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing." (§ 987.8, subds. (g)(2)(A), (B) & (C).) "[T]here is a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs. Subdivision (g)(2)(B) of section 987.8 provides in pertinent part: 'Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense.'" (*Flores, supra,* 30 Cal.4th at p. 1068.)

2

Here, there is no evidence on the record whatsoever as to defendant's ability to pay. Defendant pled guilty early on in the proceedings and was sentenced without a probation report. In part because of judicial economy (the $119.50 attorney fee at stake versus the cost of a remand) and in part because defendant is sentenced to spend the next two years in custody, we strike the attorney fee rather than remanding the matter for the trial court to determine defendant's ability to pay.

3. On page 9, the word "also" is deleted from the last sentence in the first full paragraph.

4. On page 11, the first sentence under the title DISPOSITON is deleted. The new paragraph will now read:

The judgment is modified to strike the $119.50 attorney fee. In all other respects, the judgment is affirmed.

Except for this modification, the opinion remains unchanged. This modification does change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P.J.

We concur:

McKINSTER
J.

CODRINGTON
J.

3

Filed 5/30/13 (unmodified version)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056441 |
| v. | (Super.Ct.No. SWF1200936) |
| JACOB GEORGE MORENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Stephen J. Gallon, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jacob George Moreno pled guilty to transporting methamphetamine and receiving stolen property and was sentenced, as agreed, to two years in local custody and two years on supervised release. In this appeal, defendant argues: 1) his conflict counsel, appointed more than a month after sentencing to address defendant's request to withdraw his plea, was ineffective for not filing petitions for habeas corpus or coram nobis to challenge the plea; 2) the court erred in ordering defendant to pay an attorney fee and booking fee; and 3) the condition of his eventual supervised release that he obtain his probation officer's approval for his place of residence is unconstitutional. As discussed below, we affirm the judgment.

### FACTS AND PROCEDURE

On April 4, 2012, the People filed a complaint alleging defendant had unlawfully transported methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possessed methamphetamine for sale (Health & Saf. Code, § 11378), possessed heroin (Health & Saf. Code, § 11350) and received stolen property—a license plate (Pen. Code, § 496, subd. (a)).

On April 11, 2012, pursuant to a plea agreement, defendant pled guilty to the transporting methamphetamine and receiving stolen property charges in exchange for the People dismissing the other two charges. Also pursuant to the plea agreement, the trial court sentenced defendant to four years for transporting methamphetamine and a concurrent term of three years for receiving stolen property. The first two years are to be

2

served in local custody and the last two years on supervised release.  Defendant was ordered to pay an attorney fee of $119.50 and a booking fee of $450.34.

On May 17, 2012, in a closed hearing held under *People v. Marsden* (1970) 2 Cal.3d 118, defendant sought to withdraw his plea on the ground that he "was kicking methadone . . . [and] I was not all in my right mind when I took the plea.  I was hoping for a drug program because I am here for a drug charge mostly.  I just jumped on everything.  When I kick meth, and I haven't—I didn't sleep from three weeks to a month."  Defense counsel stated that he "was not aware if there was anything where Mr. Moreno was still not capable of making a decision."  The trial court relieved defense counsel and appointed conflict counsel for the specific purpose of addressing defendant's request to withdraw his plea.

On June 1, 2012, the conflict counsel informed the court that the court no longer had jurisdiction to hear a motion to withdraw the plea.  Counsel also stated that he had filed a notice of appeal earlier that day.  The matter was taken off calendar.  This appeal followed.  The trial court granted a certificate of probable cause.

## DISCUSSION

### 1.  *Ineffective Assistance of Counsel*

Defendant contends his counsel appointed at the *Marsden* hearing was ineffective because, although he accurately told the trial court it was without jurisdiction to consider a statutory motion to withdraw the plea, he failed to challenge the guilty plea by filing in

the trial court either a petition for writ of habeas corpus or a petition for writ of error coram nobis.

A defendant who has entered a guilty plea may move to withdraw the plea, upon a showing of good cause, at any time before judgment has been entered. (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 123.) Here, judgment was entered on April 11, 2012, the date defendant was sentenced. Therefore, counsel was correct that the trial court on June 1, 2012, was without jurisdiction to hear such a motion.

The question here, then, is whether counsel was ineffective when it failed to challenge the guilty plea by filing either: 1) a petition for writ of habeas corpus on the ground that previous defense counsel was ineffective for failing to recognize defendant's compromised condition when he entered the guilty plea; or 2) a petition for writ of error coram nobis on the ground that defendant's compromised condition constituted a new fact about which he could not have known because of that very compromised condition.

To establish ineffective assistance of counsel, defendant must prove that he received representation below an objective standard of reasonableness and that there is a reasonable probability he would have received a more favorable result but for the deficient representation. (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541; see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) In demonstrating prejudice, defendant "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Where, as here, a claim of ineffective assistance of

4

counsel is raised on direct appeal, the facts supporting both deficiency and prejudice must appear in the appellate record. (*People v. Gray* (2005) 37 Cal.4th 168, 207.)

First, we note that conflict counsel was appointed for the specific purpose of assisting defendant in the possible preparation of a motion to withdraw the plea, not to file either type of petition. The trial court specified at the *Marsden* hearing that it was appointing conflict counsel "for purposes of the motion to withdraw plea."

Specifically with regard to counsel's failure to file a petition for writ of habeas corpus, there is no constitutional right to assistance of counsel in state habeas corpus proceedings. (*People v. Boyer* (2006) 38 Cal.4th 412, 489, superseded by statute on another point as stated in *Barber v. Barnes* (Dec. 16, 2012, SA CV 10-1837-JST)[2012 U.S. Dist., Lexis 179857].)

With regard to counsel's failure to file a petition for writ of error coram nobis, a pre-condition to appointment of counsel as a matter of right is the "filing of [a petition containing] adequately detailed factual allegations stating a prima facie case." (*People v. Shipman* (1965) 62 Cal.2d 226, 232.) Defendant has not filed a coram nobis petition at all, and so has not established a right to counsel for that purpose. Defendant has shown no right to counsel for either of these petitions, and so cannot succeed in a claim for ineffective assistance of counsel for failing to file them. (See *In re Jessica B.* (1989) 207 Cal.App.3d 504, 513.)

Even if defendant could establish ineffective assistance (and he cannot), he does not establish prejudice from any failure on the part of defense counsel to file either writ

petition in the superior court. This is because defendant can still file a petition for writ of habeas corpus, even during the pendency of this appeal. (*In re Carpenter* (1995) 9 Cal.4th 634, 646.) Further, once this appeal is resolved, defendant can file a petition for writ of error coram nobis. (*People v. Haynes* (1969) 270 Cal.App.2d 318, 320.)

Defendant can establish neither that his counsel's performance fell below an objective standard of reasonableness, nor any prejudice therefrom. For these reasons we reject his claim of ineffective assistance of counsel.

2. *Attorney and Booking Fees*

Defendant argues the trial court erred when it ordered defendant to pay a $119.50 attorney fee and a $450.34 booking fee without first determining his ability to pay.

Following his guilty plea, defendant was immediately sentenced. When the trial court imposed the attorney fee and booking fee, there was no objection by defendant. The People argue that defendant forfeited any objection to the booking fee by failing to object in the lower court. Defendant argues that he can raise the issue on appeal for the first time because the determination of such fees presents an insufficient evidence claim that cannot be forfeited, citing to *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397-1401 (*Pacheco*).

As discussed below, defendant forfeited the attorney fee issue by failing to raise it in the trial court, and so we affirm its imposition. Regarding the booking fee, we address the merits of the booking fee challenge but also affirm its imposition. This is because this particular type of booking fee does not require the trial court to determine

6

defendant's ability to pay. Although defendant did not forfeit the right to raise this issue on appeal (see our discussion below regarding the recent Supreme Court ruling in *People v. McCullough* that challenges to fees requiring a determination of ability to pay are forfeited if not raised in the trial court), the fact that the trial court did not need to determine defendant's ability to pay this particular type of booking fee means the court did not err in imposing it without evidence of defendant's ability to pay.

In *People v. McCullough* (April 22, 2013, S192513)__Cal.4th__ (*McCullough*), our Supreme Court recently overruled *Pacheco* and held that a defendant who does not object to booking fees imposed under Government Code section 29550.2 at the time they are imposed forfeits the right to challenge the fees on appeal, even where the appeal is based on insufficiency of the evidence. (*McCullough* at p. 2.) This is because a trial court's imposition of this type of booking fee is based on factual findings of ability to pay, rather than on legal conclusions. The ability to pay this booking fee does not present a question of law, but one of fact, and formulating the claim as one of deficiency of the record does not transform the claim to one of legal error. (*McCullough* at p. 16.)

### A. Attorney Fees Challenge Waived

Because the order to pay attorney fees was based on defendant's ability to pay,[1] we conclude that defendant also forfeited the right to appeal the attorney fee order, based on the rationale set forth in *McCullough*.

---

[1] "Subdivision (b) of section 987.8 of the Penal Code . . . provides that, upon the conclusion of the criminal proceedings in the trial court, the court may, after giving the

*[footnote continued on next page]*

7

## B. *Booking Fee Affirmed – No Need to Determine Ability to Pay*

Next, we consider the merits of defendant's challenge to imposition of the $450.34 booking fee.

Government Code sections 29550, 29550.1, and 29550.2 govern fees for booking or otherwise processing arrested persons into a county jail. To a certain extent, the fees vary depending on the identity of the arresting agency and the eventual disposition of the person arrested.

Arrests made by an agent of a city "or other local arresting agency" are governed by Government Code sections 29550, subdivision (a)(1) and 29550.1. Under Government Code section 29550, subdivision (a)(1), the county may charge the local arresting agency a booking fee. When it does so, under Government Code section 29550.1, "The court *shall*, as a condition of probation, order the convicted person to reimburse the [local agency]." (Italics added.)

Arrests made by a county agent or officer are governed by Government Code section 29550, subdivision (c). Under subdivision (c), if the person is convicted of a crime related to the arrest, the county is entitled to recover a booking fee from the arrestee, but the fee may not exceed its actual administrative costs, including fixed overhead.

*[footnote continued from previous page]*
defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of the legal assistance provided him." (*People v. Flores* (2003) 30 Cal.4th 1059, 1061, fn. omitted.)

Government Code section 29550, subdivisions (c), (d)(1) and (d)(2), specify what a court is to do when it has been notified that the county is entitled to a booking fee. Under subdivision (d)(1), the judgment of conviction "may" include an order imposing the booking fee. However, under subdivision (d)(2), if the person convicted is granted probation, the fee becomes mandatory, although subject to a finding of an ability to pay: "The court *shall*, as a condition of probation, order the convicted person, *based on his or her ability to pay*, to reimburse the county for the . . . fee . . . ." (Italics added.)

Finally, arrests made by "any governmental entity not specified in [Government Code] Section 29550 or 29550.1" are governed by Government Code Section 29550.2, subdivision (a). In general, with one subtle difference, the language of this provision is consistent with the language of the others. The difference is that, under Government Code section 29550.2, all convicted persons—those sent to prison as well as those granted probation—are subject to a mandatory booking fee conditioned upon their ability to pay.

Subdivision (d)(1) of Government Code section 29550 does not mention ability to pay. The current matter is governed by Government Code section 29550, subdivisions (c) and (d)(1), not Government Code section 29550.2. Furthermore, since defendant was not granted probation,[2] under Government Code section 29550, subdivisions (c) and (d)(1), a fee is due and must be included in the judgment of conviction. Accordingly,

9

under subdivision (d)(1) of Government Code section 29550, no ability to pay determination is necessary. Therefore, although *McCullough*'s waiver holding does not apply here, the trial court also did not err in assessing the booking fee.

3. *Approval of Residence Condition for Supervised Release*

Among the conditions of supervised released imposed by the court is a condition providing that appellant must not only inform the probation officer of his place of residence but that he must also "reside at a residence approved by the probation officer." Defendant argues this provision violates his constitutional rights to travel and freedom of association, and is not narrowly tailored to further a compelling state interest.

"Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] . . . [¶] However, the trial court's discretion in setting the conditions of probation is not unbounded." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.) A term of probation is invalid if it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, superseded on another ground by a voter enacted proposition as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-295.)

---

*[footnote continued from previous page]*

**2** Although defendant will serve the last two years of his four-year sentence on supervised release under Penal Code section 1170, subdivision (h), the trial court specifically denied defendant probation.

"If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens."' [Citation.]" (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.) "[W]here an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, '"reasonably related to the compelling state interest in reformation and rehabilitation . . . ."' [Citations.]" (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942.)

Here, defendant pled guilty to transporting methamphetamine and possessing it for sale, along with receiving stolen property. Where defendant chooses to live could directly affect his rehabilitation, in that he could choose to live in a residence where drugs are bought, sold or used, which would make it more difficult for him to refrain from drug possession. The state has an interest in rehabilitating defendant, and based on these facts, this interest is served by the carefully tailored residence approval requirement.

For this reason, the trial court did not abuse its discretion when it required defendant to obtain approval for his place of residence.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

11

We concur:

McKINSTER
                  J.

CODRINGTON
                  J.